IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CROSETTI BRAND, #M02369** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 3:21-cv-01072-SMY |
| ) | |
| **OGLESBY,** ) | |
| **DANIEL MONTI,** and ) | |
| **ROB JEFFREYS,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Crosetti Brand, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Shawnee Correctional Center ("Shawnee"). This case is now before the Court for preliminary review of the Complaint (Doc. 1) under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff was incarcerated at Shawnee in the receiving unit on April 23, 2021. Correctional Officer Oglesby called for early lock up from dayroom on that date and deprived Plaintiff of an hour of dayroom time. Plaintiff reported the incident to Sgt. Austin. In retaliation, C/O Oglesby entered Plaintiff's cell in a threatening manner with the intent to cause him harm. C/O Oglesby called Plaintiff a "rat" and threatened Plaintiff with pepper spray if he made any movement. Plaintiff did not pose a threat of harm to C/O Oglesby or any other individual.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

Count 1: First Amendment retaliation claim against Oglesby.

Count 2: Eighth Amendment claim against Oglesby.

Count 3: State law assault claim against Oglesby.

Count 4: State law indemnification claim.

Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

### Count 1

Prison officials may not retaliate against inmates for filing grievances, exercising First Amendment rights, or otherwise complaining about their conditions of confinement. *See, e.g., Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012). To state a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014).

Plaintiff's allegations do not state a colorable retaliation because he does not allege that he suffered a deprivation likely to deter activity protected by the First Amendment. Therefore, Count 1 will be dismissed for failure to state a claim.

### Count 2

Allegations of verbal abuse and threats are generally insufficient grounds for relief under § 1983.  *See Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) ("[M]ost verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment."); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."). However, verbal harassment that causes physical or psychological pain may amount to cruel punishment under the Eighth Amendment.  *Beal*, 803 F.3d at 357-58. Plaintiff does not describe psychological pain or the type of verbal harassment sufficient to constitute cruel punishment.  Therefore, Count 2 will be dismissed for failure to state a claim.

### Counts 3 and 4

Plaintiff seeks to bring "state law tort claims of assault and indemnification." When a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims.  *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008).  Here, however, there are no allegations stating a colorable constitutional claim under § 1983.  As such, the Court does not have original jurisdiction and Counts 3 and 4 will also be dismissed.

### **Motion for Preliminary Injunction**

Plaintiff filed a Motion for Preliminary Injunction (Doc. 2) seeking an order that surveillance video that may have captured the events set forth in his Complaint be preserved. Because Plaintiff's Complaint did not survive preliminary review under 28 U.S.C. § 1915A, this discovery related request will be denied.  Moreover, a party has a duty to preserve evidence when

3

he or she knows, or should have known, that litigation is imminent. *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008). This duty attaches when a Defendant is put on notice of impending litigation. *Trask-Morton*, 534 F.3d at 681. According to Plaintiff, he submitted a grievance which should alert prison officials to his claims and put them on notice that they must preserve evidence relevant to his claims in accordance with existing law.

## Disposition

The Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim for relief. The Motion for Preliminary Injunction (Doc. 2) is **DENIED**.

Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before OCTOBER 20, 2021. The First Amended Complaint will be subject to review under § 1915A. Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 21-1072). Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to a previously filed

Complaint. Instead, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal will count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 20, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**