IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CROSETTI BRAND, #M02369** | ) |
| | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 3:21-cv-01072-SMY |
| | ) |
| **OGLESBY,** | ) |
| **DANIEL MONTI, and** | ) |
| **ROB JEFFREYS,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Crosetti Brand, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Shawnee Correctional Center. Plaintiff's Complaint was dismissed for failure to state a claim for relief and he was granted leave to file a First Amended Complaint. This case is now before the Court for preliminary review of the First Amended Complaint under 28 U.S.C. § 1915A. Any portion of the First Amended Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 15): Plaintiff was incarcerated at Shawnee in the receiving unit on April 23, 2021. Correctional Officer Oglesby called for early lock up from dayroom on that date. Plaintiff requested a grievance form to complain about the early lock up. In retaliation, C/O Oglesby became aggressive, ordered Plaintiff to lock up, and entered Plaintiff's cell in a threatening manner. C/O Oglesby called

Plaintiff a "rat" and threatened Plaintiff with pepper spray if he made any movement. Plaintiff did not pose a threat of harm to C/O Oglesby or any other individual. Plaintiff suffered psychological harm because he feared for his life and safety during the encounter.

Plaintiff filed an emergency grievance, which was granted expedited review by Warden Monti. The grievance was ultimately denied and Plaintiff appealed to the Administrative Review Board (ARB). The ARB and IDOC Director Rob Jeffreys denied the appeal. Internal affairs officers conducted an investigation and interviewed Plaintiff. Warden Monti reviewed the outcome of the investigation.

Based on the allegations in the First Amended Complaint, the Court designates the following claims in this *pro se* action:

| | | |
|---|---|---|
| Count 1: | First Amendment retaliation claim against Oglesby for behaving in an aggressive manner toward Plaintiff after he requested a grievance form on April 23, 2021. |
| Count 2: | Eighth Amendment cruel and unusual punishment claim against Oglesby for behaving in an aggressive manner toward Plaintiff and threatening the use of pepper spray on April 23, 2021. |
| Count 3: | Fourteen Amendment claim against Oglesby for cutting short Plaintiff's dayroom time on April 23, 2021. |
| Count 4: | Fourteenth Amendment claim against Monti and Jeffreys for failure to investigate Plaintiff's claims and/or denying his grievances related to the April 23, 2021 incident with Oglesby. |
| Count 5: | State law assault claim against Oglesby for behaving in an aggressive manner toward Plaintiff and threatening the use of pepper spray on April 23, 2021. |
| Count 6: | State law indemnification claim. |

Any claim that is mentioned in the First Amended Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon

which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

### Count 1

Prison officials may not retaliate against inmates for filing grievances, exercising First Amendment rights, or otherwise complaining about their conditions of confinement. *See, e.g., Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012). To state a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014).

Plaintiff's allegations do not state a colorable retaliation claim. He does not allege that he suffered a deprivation likely to deter activity protected by the First Amendment. Therefore, Count 1 will be dismissed for failure to state a claim.

### Count 2

Allegations of verbal abuse and threats are generally insufficient grounds for relief under § 1983. *See, DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."). However, verbal harassment that causes physical or psychological pain may amount to cruel punishment under the Eighth Amendment. *Beal*, 803 F.3d at 357-58. Plaintiff does not describe psychological pain or the type of verbal harassment sufficient to constitute cruel and unusual punishment. Therefore, Count 2 will be dismissed for failure to state a claim.

### Count 3

Plaintiff alleges Oglesby violated his due process rights under the Fourteenth Amendment by interfering with his dayroom time. For the due process clause to apply, there must be a protected liberty interest that is being infringed upon. *Meachum v. Fano,* 427 U.S. 215, 223–24 (1976). However, not every action that carries with it negative consequences creates a liberty interest for inmates. *Moody v. Daggett,* 429 U.S. 78, 86–88 (1976).

There is no bright-line constitutional rule requiring a set amount of time for inmates to have dayroom access, contrary to Plaintiff's belief. That said, cutting short dayroom time on one occasion does not rise to the level of a protected liberty interest. *See Thomas v. Ramos*, 130 F.3d 754, 762 n.8 (7th Cir. 1997); *Beaman v. Pollard*, 711 F. App'x 794 (7th Cir. 2018). Therefore, Count 3 will be dismissed for failure to state a claim.

### Count 4

Plaintiff seeks to bring a claim against Warden Monti and IDOC Director Jeffreys for failure to investigate his claims and/or denying his grievances. Prison grievance procedures are not mandated by the First Amendment and do not create interests protected by the due process clause. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Thus, prison officials incur no liability under § 1983 if they fail to investigate a prisoner's complaints or grievances. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Additionally, "[p]rison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance." *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017); *see also George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

For these reasons, Count 4 fails to state a claim for relief and will be dismissed.

**Counts 5 and 6**

Plaintiff seeks to bring a state law claims of assault against Oglesby and a claim for indemnification. When a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). Here, however, there are no allegations stating a colorable constitutional claim under § 1983. Consequently, the Court does not have original jurisdiction. Counts 5 and 6 will also be dismissed.

**Request for Injunctive Relief**

Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 16) seeking an order that surveillance video that may have captured the events set forth in his First Amended Complaint be preserved. Because Plaintiff's First Amended Complaint does not survive preliminary review under 28 U.S.C. § 1915A, this discovery related request will be denied.

**Disposition**

The Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 16) is **DENIED.**

The First Amended Complaint (Doc. 15) is **DISMISSED** for failure to state a claim for relief. Because the problems with the First Amended Complaint cannot be cured by permitting Plaintiff to amend, the dismissal is **with prejudice**. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994). The dismissal counts as a "strike" under 28 U.S.C. § 1915(g). The Clerk of the Court is **DIRECTED** to enter final judgment and to close this case.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

Plaintiff is liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). If a motion for leave to appeal *in forma pauperis* is filed, it must set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). Further, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike."

**IT IS SO ORDERED.**

**DATED: September 23, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**